**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debbie Lee Lee, | No. CV-21-0283-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Debbie Lee Lee's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act").  Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 17), seeking judicial review of that denial.  Defendant SSA filed an Answering Brief, (Doc. 19), to which Plaintiff did not file a Reply.  The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 12), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 12-3 at 11–32) and will vacate and remand the ALJ's decision for the reasons addressed herein.

## I.    BACKGROUND

Plaintiff filed an Application for SSDI benefits in November of 2017, alleging a disability beginning in June of 2017.  (Doc. 12-3 at 14.)  Plaintiff's claim was initially denied in April of 2018.  (*Id.*)  A hearing was held before ALJ Patricia A. Bucci on May 21, 2020.  (*Id.*)  After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from the severe impairment of multilevel degenerative disc disease

status post lumbar fusion.  (Doc. 12-3 at 18.)  However, the ALJ concluded that, despite this impairment, Plaintiff had the residual functional capacity ("RFC") to perform light work.  (*Id.*)  Consequently, Plaintiff's Application was again denied by the ALJ on July 22, 2020.  (*Id.* at 14.)  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed.  (Doc. 17 at 2.)

## II.   LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's symptom testimony and in weighing the medical opinion evidence.   (Doc. 17 at 1.)   The Commissioner argues that the ALJ's opinion is supported by substantial evidence and is free of legal error.   (Doc. 19 at 7, 21.)   The Court has reviewed the medical and administrative records and remands for further proceedings.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  First, the ALJ evaluates whether the claimant has presented objective medical evidence of an

impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (cleaned up).  Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  General findings are insufficient.  *Id.*  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."  *Molina*, 674 F.3d at 1112.  For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ's findings were not substantially supported by the evidence and the ALJ did not properly consider her symptom testimony.  (Doc. 17 at 21.)  The Commissioner argues substantial evidence supports the ALJ's finding that Plaintiff's statements concerning her symptom intensity, persistence, and limiting effects were partially inconsistent with the medical evidence and record.  (Doc. 29 at 22.)

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with medical and other evidence.  The ALJ found the objective evidence conflicted with Plaintiff's testimony that her pain was so severe that she was unable to work in any capacity, unable to drive, needed encouragement to do household chores, did not socialize, had difficulty sleeping, had an inability to cook, became

overwhelmed from written or spoken instructions, and required assistance to put on socks, shoes, and use the toilet.  (Doc. 12-3 at 21.)

The ALJ describes the objective medical findings in the following ways: (1) they sometimes conflicted, but generally showed limited motion in Plaintiff's spine; (2) some providers noted an antalgic gait while others noted a normal gait; (3) Plaintiffs at times had 4/5 strength in her hips, knees, and ankles and full 5/5 strength above her elbows, wrists, and bilateral legs; (4) Plaintiff had reflexes of 2/4 upon diagnosis; and (5) Plaintiff had occasional decreased pinprick and vibration in her bilateral lower extremities.  (*Id.*) Therefore, the ALJ determined the objective medical evidence was consistent with a light work RFC that limited standing and walking to four hours in an eight-hour workday.  (*Id.*)

The ALJ next considered Plaintiff's course of treatment.  The ALJ notes that Plaintiff's treatment consisted of lumbar epidural injections, a TENS unit, physical therapy, massages, acupuncture, and daily oxycodone use.  (*Id.* at 23.)  Additionally, the ALJ noted that Plaintiff did not report a change in pain level over the course of treatment and that Plaintiff declined the option to undergo a lumbar spinal cord stimulator trial.

Lastly, the ALJ found that Plaintiff's daily activities did not align with the alleged severity.  The ALJ points to Plaintiff's admissions that she is able to care for her pets with some help, make her bed, shop in stores, and occasionally handle finances.  (*Id.* at 19.)  The ALJ also cites to Plaintiff's demonstrated attention, concentration, and memory, as well as Plaintiff's living with her husband and two children—despite claiming she does not socialize.  (*Id.*)  Finally, the ALJ cites to Plaintiff engaging in occasional stretching, walking, and swimming during the summer months, as well as occasional driving and walking one block without stopping to rest.  (*Id.* at 22–23.)

For these reasons, the Court finds the ALJ relied on substantial evidence when making its findings on Plaintiff's symptom testimony.

**B.  Evaluation of Medical Testimony**

New regulations apply to this case because Plaintiff filed for SSDI benefits after March 27, 2017.  *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).  There is no

longer a hierarchy among the sources of medical opinions and no special deference is given to the opinions of treating physicians merely because of their relationship with the claimant. *Id.* at 792. The previous standard of specific and legitimate reasons to reject a treating physician's opinion no longer applies. *Id.* Nevertheless, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.*

Plaintiff argues the ALJ's evaluation of the medical opinions, findings, and RFC are unsupported by substantial evidence. (Doc. 17 at 11–20.) Plaintiff specifically argues that the ALJ improperly interpreted Drs. Erbstoesser and Peachy's medical opinions in relation to their support and consistency with the record and evidence as a whole. (*Id.* at 14–18.) Likewise, Plaintiff argues Dr. Schwartz's assessment was improperly relied upon considering the other conflicting medical opinions. (*Id.* at 19–20.) The Commissioner responds that the ALJs findings are supported by substantial evidence. (Doc. 19 at 9–10.)

An ALJ is not permitted to "cherry-pick" from mixed results to support a denial of benefits. *Garrison*, 759 F.3d at 1017 n.23; *see also Holohan*, 246 F.3d at 1205 ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). An ALJ also cannot rely on claimant's daily activities to suggest a lack of disability unless the daily activities establish the claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to the workplace. *See Orn*, 495 F.3d at 639; *see also Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability."). Here, the Court agrees that "[t]here is simply no evidence that Plaintiff engages in regular and sustained activities of daily living that contradict the opinions from the treating specialist." (Doc. 17 at 16.) Therefore, the Court finds the ALJ does not support its findings on medical testimony with

substantial evidence.

## IV.   REMAND

If the ALJ's decision is not supported by substantial evidence, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel.  *Smolen*, 80 F.3d at 1288.  Here, the record is not fully developed regarding the providers' medical testimony and opinions on Plaintiff's regular and sustained activities of daily living.  Therefore, the Court will remand for further proceedings.

## V.   CONCLUSION

The Court finds that the ALJ's medical testimony and opinion findings regarding Plaintiff's activities of daily living are unsupported by substantial evidence, therefore,

**IT IS ORDERED** remanding this case for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** vacating the July 22, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 30th day of September, 2022.

Honorable Susan M. Brnovich
United States District Judge